UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRANCE STEVENSON,<br>    *Petitioner,* | :<br>:<br>: |
| v. | :   Case No. 3:17-cv-498 (MPS) |
| FALCONE,<br>    *Respondent.* | :<br>:<br>: |

ORDER TO SHOW CAUSE

On February 14, 2017, the petitioner, Terrance Stevenson, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state convictions.[1]

On March 4, 1997, the petitioner was convicted of murder as an accessory, in violation of CONN. GEN. STAT. §§ 53a-54a(a) and 53a-8, and conspiracy to commit murder, in violation of CONN. GEN. STAT. §§ 53a-54a and 53a-48(a). The Connecticut Appellate Court affirmed the judgment of conviction on June 1, 1999; *State v. Stevenson*, 53 Conn. App. 551, 733 A.2d 253 (1999); and the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Appellate Court's decision on July 21, 1999. *State v. Stevenson*, 250 Conn. 917, 734 A.2d 990 (1999).

Following his conviction, the petitioner filed his first petition for writ of habeas corpus in state court.[2] The state habeas court denied said petition on May 2, 2000. *Stevenson v. Warden*,

---

[1] Although the court's docketing system denotes the petition was filed on March 27, 2017, a petition for writ of habeas corpus in federal court is considered filed on the day the inmate gives the document to prison officials for mailing; *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). This Court will assume, for purposes of this motion, that the petitioner submitted the instant petition to prison officials on February 14, 2017, the same day he signed the petition.

No. CV970573787, 2000 WL 638947 (Conn. Super. Ct. May 2, 2000). Thereafter, the Connecticut Appellate Court affirmed the state habeas court's decision. *Stevenson v. Comm'r of Correction*, 67 Conn. App. 908, 792 A.2d 909 (2002). On March 28, 2002, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Appellate Court's decision. *Stevenson v. Comm'r of Correction*, 260 Conn. 905, 795 A.2d 547 (2002).

Nine months later, on January 14, 2003, the petitioner filed his second state habeas action, which was denied on June 6, 2007. *Stevenson v. Warden*, No. CV030473103S, 2007 WL 1892843 (Conn. Super. Ct. Jun. 6, 2007). The Connecticut Appellate Court affirmed the denial of that petition on February 17, 2009; *Stevenson v. Comm'r of Correction*, 112 Conn. App. 675, 963 A.2d 1077 (2009); and the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Appellate Court's decision on March 31, 2009. *Stevenson v. Comm'r of Correction*, 291 Conn. 904, 967 A.2d 1221 (2009).

On March 28, 2012, approximately three years after the second state habeas judgment became final, the petitioner filed his third state habeas petition. The state habeas court denied that petition on December 4, 2014; *Stevenson v. Warden*, No. CV114004660S, 2014 WL 7593460 (Conn. Super. Ct. Dec. 4, 2014). Thereafter, the Connecticut Appellate Court affirmed the denial of the petition; *Stevenson v. Comm'r of Correction*, 165 Conn. App. 355, 139 A.3d 718 (2016); and, on June 21, 2016, the Connecticut Supreme Court denied the petitioner's

---

[2] The petitioner does not indicate in his petition the date on which he filed his first state habeas petition. After thoroughly reviewing all of the state court opinions and attempting to look up the file using the docket number provided by the petitioner, this Court cannot determine the exact filing date of the first state habeas petition. As shown below, however, it appears that the petitioner's federal habeas petition would still be time-barred even assuming that the limitations period did not commence until after the conclusion of the petitioner's appeal from the denial of his first state habeas.

petition for certification to appeal the Appellate Court's decision. *Stevenson v. Comm'r of Correction*, 322 Conn. 903, 138 A.3d 933 (2016).

Approximately eight months after his third state habeas judgment became final, the petitioner filed the instant petition for writ of habeas corpus in this Court.

Title 28, section 2244(d)(1) of the United States Code imposes a one year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Pursuant to § 2244(d)(2), a state habeas action or other form of post-conviction review tolls or interrupts the running of the limitation period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). When the state post-conviction review terminates, the "clock restarts" and the limitation period resumes. *Holland v. Florida*, 560 U.S. 631, 638, 130 S. Ct. 2549, 177 L. Ed.2d 130 (2010) (citing *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000)).

It appears from the face of the petition and the state court decisions referenced therein, that approximately four years and five months elapsed after the date of conviction until the filing of the instant petition in this Court. Even if no time elapsed between the conclusion of direct appeal (July 21, 1999) and the filing of the first state habeas petition, the instant petition would still be time barred. Nine months elapsed between the conclusion of the first state habeas action

3

(March 28, 2002) and the commencement of the second state habeas action (January 14, 2003). Three years elapsed between the conclusion of the second state habeas action (March 31, 2009) and the commencement of the third state habeas action (March 28, 2012). Finally, eight more months elapsed between the conclusion of the third state habeas action (June 21, 2016) and the filing of the instant petition in this Court (February 14, 2017). Consequently, the instant petition appears to be time-barred under § 2244(d), and the petition identifies no grounds to conclude otherwise.

## ORDERS

The petitioner is directed to show cause why this petition should not be dismissed as time-barred.

The petitioner shall file his response **within thirty (30) days** from the date of this order. Failure to file a response within the time specified will result in the dismissal of this case as untimely filed.

SO ORDERED this 19th day of April 2017, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge