UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRANCE STEVENSON,                      :
     *Petitioner,*                     :
                                       :
v.                                       :   Case No. 3:17-cv-498 (MPS)
                                       :
FALCONE,                                 :
     *Respondent.*                     :   July 17, 2017


<u>ORDER OF DISMISSAL</u>

On February 14, 2017, the petitioner, Terrance Stevenson, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court challenging his state convictions. Specifically, he claims that the state violated his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose material exculpatory evidence during his criminal trial. He also claims that the state failed to correct the false testimony of its key witness, in violation of *Giglio v. United States*, 405 U.S. 150 (1972).  On April 19, 2017, this Court ordered the petitioner to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).  Order to Show Cause [Doc.#5].  The petitioner filed two written responses to the Court's order on April 26, 2017 and May 1, 2017, respectively.  Resp. to Order to Show Cause [Doc.#7]; Suppl. Resp. to Order to Show Cause [Doc.#8].  Thereafter, he filed two motions for an evidentiary hearing [Doc.#s 9, 10], a motion to expand the record to include trial transcript testimony [Doc.#11], a motion to appoint counsel [Doc.#12], and an amended petition [Doc.#13].  For reasons that follow, this Court will dismiss both petitions as untimely and deny the petitioner's motions.

I.     Background

On March 4, 1997, the petitioner was convicted of murder as an accessory, in violation of CONN. GEN. STAT. §§ 53a-54a(a) and 53a-8, and conspiracy to commit murder, in violation of CONN. GEN. STAT. §§ 53a-54a and 53a-48(a).  The Connecticut Appellate Court affirmed the judgment of conviction on June 1, 1999; *State v. Stevenson*, 53 Conn. App. 551, 733 A.2d 253 (1999); and the Connecticut Supreme Court denied a petition for certification to appeal the Appellate Court's decision on July 21, 1999.  *State v. Stevenson*, 250 Conn. 917, 734 A.2d 990 (1999).

Following his conviction, the petitioner filed his first petition for writ of habeas corpus in state court.[1]  The petitioner claimed that his trial counsel was ineffective during the criminal trial and sentencing and that the trial court deprived him of due process by failing to appoint new counsel for him during sentencing.  *Stevenson v. Warden*, No. CV970573787, 2000 WL 638947, *1 (Conn. Super. Ct. May 2, 2000).   The state habeas court denied the petition on May 2, 2000. *Id.* at *3.  Thereafter, the Connecticut Appellate Court affirmed the state habeas court's decision. *Stevenson v. Comm'r of Corr.*, 67 Conn. App. 908, 792 A.2d 909 (2002).  On March 28, 2002, the Connecticut Supreme Court denied a petition for certification to appeal the Appellate Court's decision.  *Stevenson v. Comm'r of Corr.*, 260 Conn. 905, 795 A.2d 547 (2002).

Nine months later, on January 14, 2003, the petitioner filed his second state habeas petition.  In that petition, he alleged that his appellate counsel and first state habeas counsel were ineffective for failing to raise claims regarding the prosecutor's misconduct during the criminal

_____

[1] The petitioner does not indicate when he filed his first state habeas petition, and the Court has not been able to determine the filing date from the record or the state court opinions. As shown below, however, the petitioner's federal habeas petition would be time-barred even if the limitations period did not commence until after the judgment denying his first state habeas

trial. *Stevenson v. Warden*, No. CV030473103S, 2007 WL 1892843, *2 (Conn. Super. Ct. Jun. 6, 2007). The state habeas court denied his second petition on June 6, 2007. *Id.* at 4. The Connecticut Appellate Court affirmed the denial of that petition on February 17, 2009; *Stevenson v. Comm'r of Corr.*, 112 Conn. App. 675, 963 A.2d 1077 (2009); and the Connecticut Supreme Court denied a petition for certification to appeal the Appellate Court's decision on March 31, 2009. *Stevenson v. Comm'r of Corr.*, 291 Conn. 904, 967 A.2d 1221 (2009).

On March 28, 2012, approximately three years after the second state habeas judgment became final, the petitioner filed his third state habeas petition. In that petition, the petitioner raised the claims that he now raises in his federal habeas petition: (1) the state failed to disclose exculpatory material evidence; and (2) the state failed to correct the false testimony of its key witness. *Stevenson v. Warden*, No. CV114004660S, 2014 WL 7593460, *1 (Conn. Super. Ct. Dec. 4, 2014). With respect to the first claim, the petitioner argued that the state failed to disclose Department of Correction ("DOC") administrative documents, known as "RT-42s" (and certain related DOC administrative documents), which allegedly contradict the testimony of the state's key witness, Jeffrey Dolphin, on a particular point. Specifically, Dolphin testified that he initially had not identified the petitioner as one of the perpetrators of the crime because he had been threatened by one of the petitioner's cohorts, Trent Butler, while in courthouse lock-up on March 8, 1995. *Id.* at *4. The RT-42s and other DOC administrative documents showed that Dolphin and Butler were not transported to court together on March 8, 1995, and that the two inmates were supposed to be separated from one another because Dolphin was going to testify

petition became final.

3

against Butler. *Id.* As for the second claim, the petitioner argued that the state failed to correct Dolphin's false testimony regarding the date upon which Butler had threatened him. *Id.*

The state habeas court denied the third petition on December 4, 2014; *Stevenson*, 2014 WL 7593460, *6-8. The court ruled that there was no evidence that the state had suppressed the RT-42s, which were created by DOC for their own administrative reasons, and, even if the state had suppressed them, they were not material with respect to the petitioner's guilt, which was supported by overwhelming evidence and other DOC documents that showed that Dolphin and Butler were together on various occasions. *Id.* at 5-6. As for the second claim, the court ruled that there was no evidence that Dolphin's testimony regarding the date on which Butler had threatened him was perjured as opposed to an innocuous misstatement of fact. *Id.* at 7. Moreover, regardless of the date upon which the threat occurred, Dolphin's testimony regarding the substance of the threat was not disputed. *Id.* at 7.

The petitioner appealed the state habeas court's decision to the Connecticut Appellate Court, which affirmed the denial of the petition; *Stevenson v. Comm'r of Corr.*, 165 Conn. App. 355, 139 A.3d 718 (2016). The Appellate Court held that the record did not support the petitioner's argument that the state had suppressed the RT-42s, in part because it was the public defender's office, not the prosecutor, who had requested that Dolphin and Butler be separated, and DOC was not the investigative arm of the state. *Id.* at 368. Moreover, the Appellate Court agreed with the state habeas court that there was no reasonable likelihood that Dolphin's potentially misleading testimony affected the jury's verdict, reasoning that (1) the state had presented overwhelming evidence of the petitioner's guilt, and (2) the state impeached Dolphin, its own witness, by calling a DOC representative to testify that Dolphin and Butler were not transported to court together on March 8, 1995, which gave the petitioner favorable material for

closing argument.  *Id.* at 372-73.  On June 21, 2016, the Connecticut Supreme Court denied a petition for certification to appeal the Appellate Court's decision.  *Stevenson v. Comm'r of Corr.*, 322 Conn. 903, 138 A.3d 933 (2016).

Approximately eight months after the third state habeas judgment became final, the petitioner filed this petition for writ of habeas corpus, raising the same two claims as in his third state habeas petition.  In its Order to Show Cause, this Court required the petitioner to show why the petition was not barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) because approximately four years and eight months had elapsed between the date his convictions became final and the filing of this petition.[2]

In his responses to the Court's order, the petitioner argues that the limitations period began to run on the date his third state habeas action concluded, June 21, 2016, because the State had unconstitutionally withheld the evidence necessary to make the claim he now makes or because the factual predicate for the claims raised in this petition was newly discovered during his third state habeas action.  *See* 28 U.S.C. §§ 2244(d)(1)(B), (D); Resp. to Order to Show Cause at 2; Suppl. Resp. to Order to Show Cause at 2.  Although he acknowledges that the issue regarding the RT-42s arose during his criminal trial, he argues that DOC did not disclose the actual documents until his third state habeas trial.  Suppl. Resp. to Order to Show Cause at 3, 6.

---

[2] Assuming no time elapsed between the conclusion of the petitioner's direct appeal on July 21, 1999, and the filing of his first state habeas petition, nine months elapsed between the conclusion of his first state habeas action on March 28, 2002, and the filing of the second state habeas petition on January 14, 2003, and approximately three years elapsed between the conclusion of the second state habeas action on March 31, 2009, and the filing of the third state habeas petition on March 28, 2012.  Eight more months elapsed between the conclusion of the third state habeas action on June 21, 2016, and the filing of this petition on February 14, 2017.

II.    <u>Timeliness of Petition</u>

Title 28, section 2244(d)(1) of the United States Code imposes a one year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.  The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under § 2244(d)(2), a state habeas action or other form of post-conviction review tolls or interrupts the running of the limitation period.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).  When the state post-conviction review terminates, the "clock restarts" and the limitation period resumes.  *Holland v. Florida*, 560 U.S. 631, 638, 130 S. Ct. 2549, 177 L. Ed.2d 130 (2010) (citing *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000)).

The petitioner does not dispute that, if the limitations period is calculated under § 2244(d)(1)(A), then his federal habeas petition is barred as untimely because approximately four years and eight months have elapsed between the date his conviction became final on direct appeal and the filing of his petition.  He claims, instead, that the limitations period should be calculated under § 2244(d)(1)(B) or § 2244(d)(1)(D) because DOC did not disclose the RT-42 forms until the filing of his third state habeas petition, thereby creating newly discovered claims for habeas relief.  If he is correct, then this petition is timely because only eight months have

6

elapsed between the conclusion of his third state habeas action and the filing of the instant federal petition.

Under § 2244(d)(1)(B), the statute of limitations for filing a habeas petition in federal court may be tolled during the time that a state-created constitutional impediment prevents the petitioner from filing his petition. *Crawford v. Costello*, 27 F. App'x 57, 59 (2d Cir. 2001). "To obtain the benefit of the onset date provided by § 2244(d)(1)(B), petitioner must prove that (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Bush v. Lantz*, 06 Civ. 410 (RNC), 2009 WL 522940, *1 (D. Conn. Mar. 2, 2009). It is the petitioner's burden to establish a state-created constitutional impediment that prevented him from filing his petition. *See Williams v. Ercole*, 486 F. App'x 208, 211 (2d Cir. 2012); *Scott v. Comm'r of Corr.*, 07 Civ. 1420 (CSH), 2008 WL 5172644, *2 (D. Conn. Dec. 12, 2008).

Here, the petitioner has failed to satisfy his burden under § 2244(d)(1)(B). He simply expresses disagreement with the decisions of the third state habeas court and the Connecticut Appellate Court that the state did not suppress the RT-42s or the information contained therein. *Stevenson*, 2014 WL 7593460, *5; *Stevenson*, 165 Conn. App. at 368; *see* Suppl. Resp. to Order to Show Cause at 1 ("Petitioner's instant habeas petition challenges the final judgment of his state habeas"). In a habeas proceeding under 28 U.S.C. § 2254, this Court does sit as an appellate court to review state court judgments. *See Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999) (federal habeas court does not review judgment but lawfulness of petitioner's custody simpliciter); *Walker v. Zon*, 05 Civ. 6460, 2009 WL 2132441, *2 (W.D.N.Y. Jul. 13, 2009) (federal habeas court does not function as appellate court).

More to the point, the petitioner's argument about the merits does not address whether the state created an impediment to filing his habeas petition.  Asserting that there was a *Brady* violation does not establish that the State created an impediment to "filing an application" for habeas relief, at least where, as in this case, the facts related to the alleged *Brady* violation were known or available to the petitioner well before he filed the application.  The history of the case as recounted in the state court decisions shows that, as early as the trial in the second state habeas proceeding, the petitioner was aware that "a computer data entry known as an RT-42 appeared in Dolphin's [DOC] file" and that "a purpose of the RT-42 was to notify department personnel of issues or conflicts between inmates…to keep inmates separated from those with whom conflict was likely."  *Stevenson*, 112 Conn. App. at 675.  The Connecticut Appellate Court's decision describing this evidence in the second habeas trial was released on February 17, 2009.  *See id.*  The petitioner fails to explain, in light of his knowledge of the RT-42 and related evidence as of at least early 2009, why he could not have sought the RT-42-related documents and filed the third habeas petition much sooner than he did.  As shown above, he waited almost three years after the second state habeas judgment became final before filing his third state habeas petition, in which he raised the *Brady* claim that he raises here.  He offers no explanation for his failure to obtain the documents during this three-year period.  Nor does he explain why the absence of the documents created an impediment to his making the *Brady* claim, which depends in part on evidence that emerged no later than the second habeas trial.

Moreover, even if the petitioner could establish that the state somehow prevented him from filing this petition by suppressing the DOC documents, he has not shown how such an impediment amounted to a constitutional violation.  The state habeas court concluded that disclosure of the DOC documents or false testimony regarding the date that Dolphin and Butler

were transferred would not have created a reasonable probability of a different outcome at the petitioner's criminal trial because (1) Dolphin testified regarding numerous other threats from the petitioner's codefendants and third parties on their behalf; (2) evidence showed that Dolphin was threatened by Butler at a different location; (3) evidence showed that Dolphin and Butler were transferred to court together on a date prior to March 8; and (4) the jury heard substantial evidence undermining Dolphin's credibility at the criminal trial and, nevertheless, found the petitioner guilty. *Stevenson*, 2014 WL 7593460, *6. The state habeas court also ruled that, regardless of the correct date on which Dolphin testified the threat occurred, the substance of the threat remained unchallenged. *Id.* at *7. The petitioner does not address any of these conclusions in his petition or his responses to the Order to Show Cause. Therefore, he has not satisfied his burden under § 2244(d)(1)(B) of proving that the state prevented him from filing this petition in violation of the Due Process Clause or any other provision of the Constitution.

The petitioner also claims that the *Brady* and *Giglio* claims raised in this petition were newly discovered at the time of his third state habeas action and, therefore, he is entitled to statutory tolling under § 2244(d)(1)(D). For his petition to be statutorily tolled under § 2244(d)(1)(D), the petitioner must prove "that the factual predicates for [his] claims could not have been discovered through the exercise of due diligence." *Rivas v. Fischer*, 687 F.3d 514, 534 (2d Cir. 2012); *see also Shabazz v. Filion*, 402 F. App'x 629, 630 (2d Cir. 2010) (petitioner's burden to demonstrate due diligence). A factual predicate refers only to the "vital facts" underlying the claim, meaning "those without which the claim would necessarily be dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts[3] . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedure[4] . . . ." *Rivas*, 687 F.3d at 535. "Accordingly, if new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Id.*; *see also Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitation runs when petitioner knows important facts, not when petitioner recognizes their legal significance).

In this case, the petitioner has not satisfied his burden under § 2244(d)(1)(D). Although he claims that he did not receive the DOC documents until the filing of his third state habeas action, the issue regarding Dolphin's testimony about the date on which he was threatened arose during the criminal trial. *See Stevenson*, 2014 WL 7593460, *4. In fact, during that trial, the state presented testimony from a DOC employee, James Barone, that clarified that Dolphin and Butler were not transferred together on March 8. *Id.* The state effectively impeached its own witness, which gave the defendant ample opportunity to attack Dolphin's credibility during closing argument. *See Stevenson*, 165 Conn. App. at 370. Moreover, the petitioner does not dispute the Connecticut Appellate Court's conclusion that it was an attorney from the public defender's office, not the state's attorney's office, who requested that Dolphin and Butler be separated. *See id.* at 368. Furthermore, as shown above, even more specific facts concerning the RT-42 emerged during the second habeas trial, three years before he filed the state habeas petition raising the claim he makes here. Based on the foregoing, the petitioner's argument that

---

[3] Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides, in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[4] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a civil action in

his claims were "newly discovered" at the time of the third state habeas action is meritless.  He was presented with ample information during his criminal trial and, later, during the second habeas trial, to pursue his *Brady* and *Giglio* claims.   The fact that he did not receive the actual DOC documents contradicting Dolphin's testimony regarding the date on which he and Butler were transferred until the filing of his third state petition does not entitle him to statutory tolling. *See Granados v. Singas*, 16 Civ. 2212 (JFB), 2016 WL 6205800, *3 (E.D.N.Y. Oct. 24 2016) (evidence is not newly discovered simply because petitioner did not receive it until recently); *Atkins v. Gonyea*, 12 Civ. 9186 (JGK), 2014 WL 199513 (S.D.N.Y. Jan. 17, 2014) (inquiry is not when petitioner discovered facts but when he could have discovered facts through due diligence). Therefore, the petitioner is not entitled to statutory tolling under § 2244(d)(1)(D).

Because the petitioner has not proved that he is entitled to statutory tolling under § 2244(d)(1)(B) or § 2244(d)(1)(D), his petition is untimely and is hereby DISMISSED under § 2244(d)(1)(A).

III.    Motions for Evidentiary Hearing

In conjunction with his responses to the Court's Order to Show Cause, the petitioner has filed two motions for an evidentiary hearing to "rebut the state Appellate Court's erroneous factual finding that [the] assistant state's attorney credibly testified that . . . he was unaware of the existence of the RT-42 in his files."  Mot. for Evidentiary Hr'g [Doc.#9]; Suppl. Mot. for Evidentiary Hr'g [Doc.#10].  The petitioner has attached to his motions transcripts from his criminal and state habeas trials, which he claims supports his position that the state's attorney lied about being unaware of the existence of the DOC documents.

---

federal court may be dismissed for "failure to state a claim upon which relief can be granted."

Title 28, Section 2254(e) governs the circumstances on which the Court may grant a

habeas petitioner an evidentiary hearing.  Section 2254(e) provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a
> person in custody pursuant to the judgment of a State court, a determination of a
> factual issue made by a State court shall be presumed to be correct. The applicant
> shall have the burden of rebutting the presumption of correctness by clear and
> convincing evidence.

> (2) If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless
> the applicant shows that—

> (A) the claim relies on--

> (i) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the
> exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for constitutional error, no reasonable factfinder
> would have found the applicant guilty of the underlying offense.

In this case, the petitioner is not entitled to an evidentiary hearing under § 2254(e)(2).

Even if he could establish that the state's attorney lied about his knowledge of the DOC

documents during the third state habeas trial, such a showing would not cure the petitioner's

failure diligently to pursue his *Brady* and *Giglio* claims.  The petitioner was aware of the

discrepancy regarding Dolphin's testimony during his criminal trial and argued its significance

during his summation.  He has not shown that he was unable to obtain the DOC documents

through other means and, as noted, he had three years between his second and third state habeas

actions to obtain such evidence and raise his claims in federal court.  *See Burnie v. Duncan*, 99

Civ. 350 (JG), 2003 WL 22670913, *5 (E.D.N.Y. Nov. 3, 2003) (petitioner not entitled to

evidentiary hearing on issue of whether newly discovered claim tolled statute of limitations

because evidence could not be considered newly discovered and state court conducted full and fair evidentiary hearing).  Moreover, the petitioner cannot establish that "no reasonable factfinder would have found [him] guilty" based on the state's attorney's false testimony regarding his knowledge of the DOC documents or the substance of the documents themselves.  The state presented overwhelming evidence that Dolphin was threatened on numerous occasions by the petitioner's codefendants, which remained unchallenged, and, despite the petitioner's multiple attempts to attack Dolphin's credibility at his criminal trial, the jury nevertheless found him guilty.  *See Cummings v. Lee*, 09 Civ. 4331 (KAM)(RLM), 2013 WL 5744465, *12 (E.D.N.Y. Oct. 23, 2013) (petitioner failed to satisfy § 2254(e)(2)(B) because state presented overwhelming evidence of guilt).  Based on the foregoing, his motions for an evidentiary hearing are DENIED.

IV.    Motion to Expand the Record

The petitioner has filed a motion to expand the record in this case to include transcripts of Dolphin's testimony at the criminal trial of the petitioner's codefendant, James Baker.  Mot. to Expand R. [Doc.#11].  He claims that such evidence will establish that the state's attorney lied about being unaware of the DOC documents.  *Id.*  For reasons similar to those for which the Court has determined that a motion for an evidentiary hearing is not warranted, the petitioner's motion to expand the record is DENIED.

V.    Motion to Appoint Counsel

The petitioner has moved for this Court to appoint *pro bono* counsel to represent him in the instant habeas action.  Mot. to Appoint Counsel [Doc.#12].  He argues that appointment of counsel is necessary because (1) his claims are meritorious, (2) he is indigent and has received

only limited education, (3) does not have access to a law library, and (4) the legal concepts that govern the timeliness of his petition are complex and require the skill of an attorney.

"District courts exercise substantial discretion in deciding whether to appoint counsel . . . ." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003). However, the Second Circuit has cautioned against the "routine appointment of counsel" and held that, before appointment is even considered, the indigent movant must establish that he is unable to obtain counsel. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173-74 (2d Cir. 1989); *Hodge* v. *Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the movant satisfies that threshold requirement, the Court must then consider the merits of the movant's claim and determine "whether [his] position seems likely to be of substance." *Hodge*, 802 F.2d at 61. If so, the Court should then consider other factors bearing on the need for appointment including, but not limited to, the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the movant's apparent ability to present the case, and the complexity of the legal issues. *Id.* at 61-62.

In this case, the petitioner has not shown that he has not been able to obtain counsel. Even if he did, his claim would not pass the test of likely merit, as shown above. Therefore, the appointment of counsel is not warranted in this case. The petitioner's motion to appoint counsel is DENIED.

VI.     Amended Petition

On June 14, 2017, the petitioner filed an amended petition for writ of habeas corpus, which raises the same claims as his original petition but supports them with more factual allegations. Am. Pet. [Doc.#13]. This petition is DIMISSED as untimely for the reasons articulated in Section II of this Order.

## ORDERS

The petitioner's original petition [Doc.#1] and amended petition [Doc.#13] are

DIMISSED pursuant to 28 U.S.C. § 2244(d)(1).  The petitioner's motions for an evidentiary

hearing, to expand the record, and for the appointment of counsel [Doc.#s 9, 10, 11, and 12] are

DENIED.  The Clerk is directed to enter judgment in favor of the respondent and close this case.

It is so ordered.

Dated at New Haven, Connecticut this 17th day of July 2017.


_____/s/_____
Michael P. Shea
United States District Judge